## ELBERT *v.* WILSON.

Where a lease stipulates that the tenant should cultivate land in a good farmer-like manner, and keep the fences in good repair, and where the tenant permitted the fences to become dilapidated, and suffered sheep to go in the orchard, by which young fruit trees were destroyed, the landlord may recover in assumpsit under the lease.

### ERROR *to Davis District Court.*

*Opinion by* GREENE, J.   Assumpsit by J. D. Elbert as landlord, against E. Wilson, for neglecting to cultivate a farm in a husband-like manner, as stipulated in the lease. Plea non-assumpsit.   Verdict and judgment for defendant.

In the lease, the defendant agreed " to cultivate said tillable lands in a good farmer-like manner and in good season," in " corn, wheat and oats, principally," to deliver one third of each, &c., and " to keep the buildings and fences in good repair."

Elbert *v.* Wilson.

By the declaration, and on the trial, plaintiff claimed that defendant did not cultivate the farm in a proper manner, whereby the crops and his rents were less than they should have been; that he suffered the buildings and fences to pass into a dilapidated and ruinous condition, whereby his rents and the value of the premises were much diminished; and that defendant agreed, in renting the premises, to take good care of the fruit trees, shade trees, &c., but that they were much injured and deteriorated in value. Plaintiff claimed damages to make up the deficiency in rents, and the injury to the premises occasioned by bad husbandry.

To the instructions and rulings of the court below, several exceptions were made, and are now assigned as error. Among the errors assigned, there is but one which we deem it material to consider.

As an injury to the premises, the plaintiff claimed that the defendant permitted sheep to eat bark from his fruit trees, and thus destroyed or greatly diminished their value. Upon this point the court instructed the jury that, this fact " if true, would be *waste*, a *wrong*, for which another action than this would be necessary to get redress, unless the lease contained an agreement that he would not do this wrong, in which case it might be considered in this action, and the diminished value be made up in damages. The defendant insists that the lease contains no stipulations which will make injuries to, or destruction of trees a breach of contract, and this is the opinion of the court; therefore, you are instructed that injuries to trees upon the premises are not to be taken into consideration." This instruction is claimed to be erroneous. It is true, as claimed by the instruction, that there is no stipulation in the lease in relation to the care or preservation of the trees, but as the trees appear to have been upon a portion of the leased premises, which was in the possession and under the care of the tenant by virtue of the lease, there was at least a

37

strongly implied agreement on his part, as lessee, to use the trees, and all other improvements in his charge, with ordinary care, and in a husband-like manner. 5 T. R., 373; 6 Ves., 328. Any injury, resulting directly from neglectful or improper tillage, or from neglectful or improper care of the improvements in his possession, would be in violation of that implied agreement. If a tenant, by negligence or otherwise. permits sheep to go among fruit trees, with their known propensity to eat the bark from young trees, it is an instance of bad farming, and is a violation of that good husbandry which the lessee promised.

The lessee expressly agreed that he would cultivate the tillable land in a good farmer-like manner, and in good season for each crop. He could not do this, and at the same time suffer the fences to become impaired, and the sheep to go upon such tillable land and destroy the fruit trees. Such an injury would be the direct result of bad farming.

The lessee bound himself "to keep the buildings and fences in good repair." The declaration avers that these were suffered to pass into a ruinous and dilapidated condition. An injury to the premises, traced as the direct result of ruined and dilapidated fences, would doubtless subject the lessee to damages under the lease. Sheep passing through those dilapidated fences, and injuring fruit trees, would be an injury, traceable to a neglect of that stipulation in the lease.

Still the court below charge that this would be "waste, for which another action than this would be necessary." Although an injury to trees is ordinarily considered a waste, the injury in the present case is very far from being a *voluntary waste*. It is nothing more than *permissive waste*, which may result from an express or implied agreement to keep in repair. As the ancient writ of waste has been generally superseded, it would not be unusual to bring an action on the case, for failing in such express or implied

undertaking. Even when the lessee covenants not to do waste, the lessor has his election to bring either an action on the case or of covenant for waste done during the term. 2 Saund., 252; 2 Bl. R., 1111. Such being the remedy for a *voluntary* waste, we think this case, in assumpsit, appropriate for a permissive waste, under the express and implied promises as in the case at bar.

We conclude, then, that the court below erred in the instruction to the jury. A trial *denovo* is therefore ordered.

Judgment reversed.

*A. Hall* and *D. P. Palmer*, for plaintiff in error.

*Wright & Knapp*, for defendant.